**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

**KAMLESH BHAKTA AND BHAGVATI BHAKTA D/B/A
ALMEDA INN,**

**PLAINTIFFS,**

  **vs.**                           **CIVIL ACTION NO.
                                    JUDGE_____**

**WESTCHESTER SURPLUS LINES
INSURANCE COMPANY**

**DEFENDANT.**

**PLAINTIFF'S ORIGINAL COMPLAINT
JURY TRIAL DEMANDED**

      **COME NOW, KAMLESH AND BHAGVATI BHAKTA D/B/A ALMEDA INN** (hereinafter, referred to as Plaintiffs), and files this, their **Original Complaint**, and for causes of action against WESTCHESTER SURPLUS LINES INSURANCE COMPANY ("WESTCHESTER") (hereinafter, referred to as "Defendant") would show unto the Court and the jury the following:

**PARTIES AND SERVICE OF PROCESS**

      1.      Plaintiffs **KAMLESH AND BHAGVATI BHAKTA** own the property located at 13612 Almeda Road, Houston, Texas 77053 that is the subject of this lawsuit and is situated in Harris County, Texas.

      2.      Defendant, WESTCHESTER is a foreign insurance company registered to engage in the business of insurance in the State of Texas.  Westchester Surplus Lines Insurance Company is domiciled in the State of Georgia. This Defendant may be served with personal service by a process server, by serving its Attorney for Service, Saverio

Rocco, Assistant General Counsel, Chubb Companies, 436 Walnut Street, Philadelphia, Pennsylvania, 19106-3703.

## STATUTORY AUTHORITY

3.      This suit also brought in part, under the Texas Insurance Code, Sections 541.051 *et seq.,* 541.151 *et seq*., 542.051 *et se.,* and Tex. Civ. & Rem. Code Section 38.01 *et seq.*

## JURISDICTION

4.      This Honorable Court maintains subject matter jurisdiction over this matter, pursuant to 28 U.S.C. § 1332, based on complete diversity of citizenship between the parties. The amount in controversy exceeds the minimum jurisdictional limits.

## VENUE

5.      This Honorable Court maintains venue under 28 U.S.C. § 1391(b)(2), being the judicial district of the location of the property that is the subject of this action.

## NOTICE AND CONDITIONS PRECEDENT

6.      Defendant has been provided written notice of the claims made by Plaintiffs in this complaint, including a statement of Plaintiffs' actual damages and expenses in the manner and form required by Tex. Ins. Code § 542A.003.

7.      All conditions precedent necessary to maintain this action and in order to maintain claim under the insurance policy in question have been performed, occurred, or have been waived by Defendant.

## FACTS

8.      This lawsuit arises out of the following transactions, acts, omissions, and/or events.  Hurricane Harvey struck South Texas on August 25, 2017 and caused

catastrophic damage throughout the region for several days.  On or about August 26, 2017, Plaintiffs' property sustained damages as a result of Hurricane Harvey winds and rain over five consecutive days.

9.      Plaintiffs hired Stevephen Lott of Integrity Claims, LLC to assist them with the claim.  Mr. Lott inspected the property for damages from Hurricane Harvey. After inspecting the property, Mr. Lott determined that there was extensive wind damage to the property.

10.     Plaintiffs submitted a claim to Defendant, WESTCHESTER, pursuant to the contract of insurance, for damages to the property as a result of Hurricane Harvey and asked Defendant WESTCHESTER to honor its contractual obligations and cover the cost of repairs to the property.

11.     Defendant, WESTCHESTER, accepted the Plaintiffs' claim and assigned claim number KY17K2267463.

12.     Defendant, WESTCHESTER assigned Vericlaim, Inc. to inspect, investigate, evaluate the claim, assess the damages to the property, and communicate with the Plaintiffs as to coverage under the policy.

13.     Vericlaim, Inc. on behalf of Defendant, WESTCHESTER then assigned adjuster Randy Johnson to inspect, investigate, evaluate the claim, assess the damages to the property, and communicate with the Plaintiffs as to coverage under the policy.

14.     Randy Johnson performed an inspection of the subject insured property on or about October 24, 2017.  Mr. Johnson provided an estimate to Plaintiffs dated December 13, 2017 which under-estimated the replacement cost of Plaintiffs' covered

damages at $72,305.98.   Mr. Johnson's estimate misrepresented the true value of Plaintiffs' covered loss.

15.     Even though the property had sustained extensive damages from the storm, Johnson ignored wind created damages to the property.   Johnson completed a results oriented, unreasonable inspection, failed to document all the covered wind damages to the property.  Mr. Johnson ignored facts supporting coverage and improperly denied Plaintiffs' damages.

16.     Plaintiffs did not agree with Mr. Johnson's assessment of the damages to their property.

17.     Plaintiffs notified Westchester of its disagreement and the claim was reassigned to Marilyn Roberts for handling.   Marilyn Roberts retained IN-Line Consulting to inspect the proporty, investigate the loss, and estimate the covered damages, on behalf of Westchester.

18.     Ryan Thistlethwaite of IN-Line Consulting inspected the property on April 24, 2018.   Mr. Thislethwaite estimated the replacement cost of the covered damages to be $91,473.38, continuing to under-value Plaintiffs' claim and misrepresent the amount of his covered damages.

19.     Plaintiffs then retained Richard Clarke of Risk Protection Services to inspect the insured's property. Mr. Clarke's inspection, observation of the building, and review of the claim documents, led him to believe compromising wind damage occurred to the roofing system during Hurricane Harvey, which allowed water to enter the building's second story units. He determined that these damages far exceeded the

estimated values provided by Mr. Johnson and Mr. Thislethwaite. Mr. Clarke completed an estimate with damages totaling $252,629.04.

20.     Defendant, WESTCHESTER relied upon Mr. Johnson's and Mr. Thislethwaite's inaccurate and unreasonable reports to deny the Plaintiffs' covered damages.  Furthermore, Defendant, WESTCHESTER failed to accept or deny coverage for the damages in writing within the statutory deadline.

21.     Based on the improper, inadequate, and incomplete investigation of WESTCHESTER, and its representatives, the Plaintiffs' damages were only estimated at $91,473.38.

22.     To date Plaintiffs have yet to receive full payment on their Hurricane Harvey claim.

23.     Defendant, WESTCHESTER ignored the information provided by the Plaintiffs, their public adjuster, and Richard Clarke.    Instead, Defendant, WESTCHESTER chose simply to only rely on the portions of its adjuster's, consultant's, and vendors' reports which supported the results-oriented investigation and coverage decisions supporting denial of Plaintiffs' claim.

24.     Defendant, WESTCHESTER failed to perform its contractual obligation to compensate Plaintiffs under the terms of the Policy.

## CAUSES OF ACTION AGAINST DEFENDANT, WESTCHESTER - COUNT I - BREACH OF CONTRACT

25.     Each of the foregoing paragraphs is incorporated by reference in the following.

26.     Plaintiffs and Defendant WESTCHESTER executed a valid and enforceable written insurance contract providing insurance coverage to the insured

location at 13612 Almeda Road, Houston, Texas 77053.  The policy provides coverage for the peril of wind, hurricane and rain, such as those sustained during Hurricane Harvey, among other perils.

27.     All damages and loss to the Plaintiffs' property were caused by the direct result of a peril for which Defendant WESTCHESTER insured the Plaintiffs, pursuant to the policy herein, specifically, the perils of hurricane, wind, and rain.

28.     Defendant, WESTCHESTER sold the subject insurance policy to Plaintiff insuring the subject insured property in its "as is" condition.

29.     Plaintiffs suffered a significant loss with respect to the property at issue and additional expenses as a result of the high winds and rain that occurred during Hurricane Harvey.

30.     Plaintiffs submitted a claim to Defendant, WESTCHESTER pursuant to the contract of insurance for damages as a result of high winds and rain that occurred during Hurricane Harvey.

31.     Plaintiffs provided Defendant, WESTCHESTER, with proper notice of damage to the exterior and interior of the subject insured property.

32.     Defendant, WESTCHESTER ignored the information provided by the public adjuster that supported coverage of Plaintiffs' damage and chose to rely solely on its own adjusters and consultant who did not inspect the property.

33.     WESTCHESTER by and through its adjusters and representatives have failed to properly evaluate the damages resulting from the covered cause of loss.

34.     WESTCHESTER by and through its adjusters and representatives failed to retain the appropriate experts and/or consultants to evaluate the hurricane winds and water damages to the subject property.

35.     As of this date, WESTCHESTER by and through its adjusters and representatives have failed to pay for the hurricane winds and water damages to Plaintiffs' property.

36.     Plaintiffs have attempted on numerous occasions to obtain full and complete payment for covered losses pursuant to the insurance policy.

37.     Defendant, WESTCHESTER, acting through its agents, servants, representatives and employees has failed to properly investigate, evaluate and adjust Plaintiffs' claim for benefits in good faith and has further failed to deal fairly with Plaintiffs.

38.     Defendant, WESTCHESTER has failed and refused to evaluate the information and surrounding facts regarding Plaintiffs' covered claim, choosing instead to hide behind palpably incorrect assumptions and conclusions of its agents, employees or consultants.

39.     As of this date Defendant, WESTCHESTER continues to be in breach of the contract.

40.     WESTCHESTER ignored the information provided by Plaintiffs and their public adjuster during the handling of the claim and did not make full payment to indemnify Plaintiffs for the true covered damages.

41.     WESTCHESTER failed to make full payment after receipt of the additional information from Plaintiffs and their public adjuster.

42.     The mishandling of Plaintiffs' claim caused a delay in Plaintiffs' ability to fully repair the Property, resulting in additional damages.

## COUNT II - VIOLATIONS OF THE TEXAS UNFAIR OR DECEPTIVE PRACTICES ACT

43.     Each of the foregoing paragraphs is incorporated by reference in the following.

44.     Defendant WESTCHESTER is an entity that is required to comply with Tex. Ins. Code Sections 541.051; 541.060; 541.061; and 541.151. Defendant's conduct constitutes multiple violations of the Texas Unfair or Deceptive Practices Act.

1.     Misrepresenting a material fact or policy provision relating to coverage at issue;

   a. Making an untrue statement of material fact. WESTCHESTER through its agents, employees, or consultants prepared an estimate of damages that was misleading as to the value of damages to the subject property stating the total damages were only valued at $91,473.38.

   b. Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made. WESTCHESTER through its agents, employees, or consultants failed to advise Plaintiffs that it failed to perform proper testing of the building and property in order to more accurately investigate and evaluate the damages resulting from the covered perils of hurricane, wind and rain.

   c. Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact.

8

WESTCHESTER through its agents, employees, or consultants advised Plaintiffs and their public adjuster that it had investigated and evaluated the damages to the subject property resulting from the August 26, 2017 hurricane and concluded its coverage determination, thereby misleading the Plaintiffs to conclude that a proper and complete investigation had been performed.

2.   Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability had become reasonably clear.   WESTCHESTER failed to consider reports provided by Plaintiffs' and failed to utilize information in the reports that would support coverage of Plaintiffs' damages.

3.   Failing to promptly provide a reasonable explanation of the basis in the policy, in relation to the facts or applicable law, for the insurer's denial of a claim. To date, Defendant has failed to provide a reasonable explanation of the basis of its denial of coverage for all of Plaintiffs' damages.

4.   Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. WESTCHESTER through its agents, employees, or consultants failed to request its employees, agents, or consultants to perform proper testing of the building at the subject insured property in order to properly evaluate the extent and value of damages resulting from the Hurricane Harvey event of August 26, 2017.

45.   Defendant's unfair settlement practice in failing to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more

accurately investigate and evaluate the damages, failing to advise Plaintiffs that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate resulted in Defendant's failure to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claims, even though Defendant's liability under the policy was reasonably clear, and constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance.  Tex. Ins. Code Sections 541.051, 541.060 and 541.061.

## COUNT III – VIOLATIONS OF THE PROMPT PAYMENT OF CLAIMS ACT

46.     Each of the foregoing paragraphs is incorporated by reference here fully.

47.     Defendant's conduct constitutes multiple violations of the Texas Prompt Payment of Claims Act - Tex. Ins. Code Chapter 542.  All violations made under this article are made actionable by Tex. Ins. Code Section 542.060.

48.     Specifically, Defendant failed to accept or reject Plaintiffs' claim within the time period or notify the Plaintiffs why it needed more time, as required by Tex. Ins. Code 542.056.

49.     Defendant failed to timely conduct a proper investigation of the damages to the subject property resulting from a covered peril. resulting in a delay of payment of adequate insurance benefits as contracted under the insurance policy between the parties.

50.      Defendant's failure to give adequate consideration to the information provided by Plaintiffs' public adjuster and Richard Clarke, resulted in additional delay of payment of the claim after having sufficient information to make payment for such claim.

51.     WESTCHESTER ignored the information provided by Plaintiffs and Plaintiffs' public adjuster during the handling of the claim and did not make any additional payment.

52.     WESTCHESTER, upon receipt of the Risk Protection Services estimate from Richard Clarke and Plaintiffs, had sufficient information to make full payment to Plaintiffs for the damages, but as of this date has failed to do so.

## COUNT IV - BREACH OF COMMON LAW
## DUTY OF GOOD FAITH AND FAIR DEALING

53.     Each of the foregoing paragraphs is incorporated by reference here fully.

54.     Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to its insured pursuant to the insurance contract and in direct contradiction of the applicable industry standards of good faith and fair dealing.

55.     Defendant failed to conduct a proper and thorough evaluation, failing to perform adequate testing of the building to more accurately investigate and evaluate the damages, failing to advise Plaintiffs that it had not performed proper testing of the building and had not properly investigated and evaluated the damages, and preparing both a misleading and inaccurate damage estimate.

56.     Defendant's failure, as described above, to adequately and reasonably investigate, evaluate, and pay the benefits owed under the insurance contract, knowing full well through the exercise of reasonable diligence that its liability was reasonably clear, resulted in a breach of the duty of good faith and fair dealing.

57.     WESTCHESTER ignored the information provided by Plaintiffs' public adjuster during the handling of the claim and did not make full payment.

58.     WESTCHESTER failed to make any payment after receipt of the additional information from the public adjuster and Richard Clarke, when WESTCHESTER knew or should have known liability was reasonably clear.

## COUNT V – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT

59.     Each of the foregoing paragraphs is incorporated by reference here fully.

60.     At all material times herein, Plaintiffs were "consumers" who purchased insurance products and services from Defendant, WESTCHESTER and the products and services form the basis of this action.

61.     Defendant WESTCHESTER has violated the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA") in at least the following respects:

   a.  By accepting insurance premiums but refusing without a reasonable basis to pay benefits due and owing, engaged in an unconscionable action or course of action prohibited by DTPA § 17.50(a)(1)(3) in that  Defendant WESTCHESTER took advantage of Plaintiffs' lack of knowledge, ability, experience, and capacity to a grossly unfair degree, resulting in a gross disparity between the consideration paid in the transaction and the value received, all in violation of Chapters 541 and 542 of the Texas Insurance Code;

   b.  Generally engaging in unconscionable courses of action while handling the claim; and/or

   c.  Violating the provisions of the Texas Insurance Code, as further described elsewhere herein.

## KNOWLEDGE AND INTENT

62.     Each of the acts described above, together and singularly, was done "knowingly" and "intentionally" and was a producing cause of Plaintiffs' damages described herein.

## **DAMAGES AND PRAYER**

63.     **WHEREFORE, PREMISES CONSIDERED**, Plaintiffs herein, complain of Defendant WESTCHESTER'S acts and omissions and pray that, Defendant be cited to appear and answer and that upon a final trial on the merits, Plaintiffs recover from Defendant the following:

64.     Plaintiffs would show that the aforementioned acts, taken together or singularly, constitute the proximate and/or producing causes of damages sustained by Plaintiffs.

65.     For breach of contract by Defendant, WESTCHESTER, Plaintiffs are entitled to regain the benefit of their bargain, which is the amount of the claims, together with attorney's fees, pursuant to Tex. Civ. & Rem. Code Sec. 38.001 *et seq.*

66.     For noncompliance with the Texas Unfair or Deceptive Practices Act by Defendant, WESTCHESTER, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages, mental anguish, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask **for three (3) times** its actual damages, pursuant to Tex. Ins. Code Ann. Section 541.152 *et seq.*

67.     For noncompliance with the Texas Prompt Payment of Claims Act by Defendant, WESTCHESTER, Plaintiffs are entitled to the amount of their claim, as well as ten (10) percent interest per annum post judgment interest, together with reasonable and necessary attorney's fees, as allowed by law, and for any other further relief, either at law or in equity, to which it may show itself to be justly entitled, pursuant to Tex. Ins. Code Sec. 542.058 *et seq.* and 542.060 *et seq.*

68.     For violations of the common law duty of good faith and fair dealing by Defendant, WESTCHESTER, Plaintiffs are entitled to actual damages, direct and indirect consequential damages, mental anguish, and exemplary damages.

69.     For noncompliance with the Texas Deceptive Trade Practices Act ("DTPA") by Defendant, WESTCHESTER, Plaintiffs are entitled to actual damages, which includes the loss of the benefits that should have been paid pursuant to the policy, including but not limited to direct and indirect consequential damages and mental anguish damages, court costs and attorney's fees.  For knowing conduct of the acts complained of, Plaintiffs ask for **three (3) times** their damages, pursuant to the DTPA and Tex. Ins. Code Ann. Section 541.152 *et seq*.

## **<u>JURY DEMAND</u>**

70.     Plaintiffs respectfully demand a **<u>trial by jury</u>**.

SIGNATURE BLOCK ON NEXT PAGE

Respectfully submitted,

**PANDIT LAW FIRM, L.L.C.**


BY: /s/ *Phillip N. Sanov*
**PHILLIP N. SANOV,**
**Texas State Bar No. 17635950**
**Fed. Adm. No. 1148342**
**CARLA R. DELPIT,**
**Texas State Bar No. 24082183**
**Fed Adm. No. 2248226**
**One Galleria Tower**
**2700 Post Oak Blvd., 21st Floor**
**Houston, Texas 77056**
**Telephone:     (832) 583-5663**
**Facsimile:     (504) 313-3820**
**Email: psanov@panditlaw.com**
**          cdelpit@panditlaw.com**


**ATTORNEYS FOR PLAINTIFFS**
**KAMLESH BHAKTA AND**
**BHAGVATI BHAKTA D/B/A**
**ALMEDA INN**